# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DON GOLDHAMER and ROBIN SCHIRMER | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 07 C 5286 ) ) |
| LT. NAGODE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to reassign Case No. 07-cv-5286, *Goldhamer v. Nagode*, to this court pursuant to Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois ("L.R. 40.4"). For the reasons stated below, we deny Defendants' motion to reassign.

## BACKGROUND

On July 2, 2006, Plaintiff Melissa Woo ("Woo"), Plaintiff Crystal Wilson ("Wilson"), Plaintiff Megan Gallagher ("Gallagher"), (4) Plaintiff Alberto Guevarra ("Guevarra"), Plaintiff Don Goldhamer ("Goldhamer"), and Plaintiff Robin Schirmer

1

("Schirmer") were all allegedly present at the taste of Chicago. Sometime that day, City of Chicago Police Lt. Al Nagode ("Nagode") allegedly issued an order to disperse, pursuant to an ordinance, to a large group of people gathered near a United States Armed Services information booth. Subsequently, Wilson, Gallagher, Guevarra, Goldhamer and Schirmer were allegedly arrested at different times by different members of the Chicago Police Department and each was charged with disorderly conduct. Woo individually alleges she was arrested prior to the order to disperse.

On July 6, 2007, Woo, Wilson, Gallagher, and Guevarra (collectively referred to as "Woo Plaintiffs") filed a civil rights action, Case No. 07-cv-3818 ("Woo Action"), against Nagode, other Chicago Police officers, and the City of Chicago ("City"). On September 19, 2007, Goldhamer and Schirmer (collectively referred to as "Goldhamer Plaintiffs") filed a civil rights action, Case No. 07-cv-5286 ("Goldhamer Action"), against Nagode, other Chicago Police officers (not also named in the Woo Action), and the City. The Woo Action was assigned to this court and the Goldhamer Action was assigned to another judge of this district. In the Woo Action, the Woo Plaintiffs have brought a claim under 42 U.S.C. § 1983 ("Section 1983") for false arrest and pendant state law claims for malicious prosecution. In the Goldhamer Action, the Goldhamer Plaintiffs have also brought a claim under Section

2

1983 for false arrest and pendant state law claims for malicious prosecution. In addition, the Goldhamer Plaintiffs have brought several other claims under Section 1983, a *Monell* claim against the City of Chicago, and other constitutional claims including a facial challenge to the constitutionality of the City's disorderly conduct ordinance.

On October 3, 2007, the Defendants in the Goldhamer Action ("Goldhamer Defendants") filed the instant motion to reassign the Goldhamer Action to this court to be consolidated with the Woo Action, pursuant to L.R. 40.4. The Goldhamer Plaintiffs oppose the motion and the proposed consolidation of the two cases, arguing that Defendants have not met the requirements of L.R. 40.4 for consolidation since they have not shown that the actions are sufficiently similar.

## LEGAL STANDARD

Northern District of Illinois Local Rule 40.4(b) ("L.R. 40.4(b)") provides that a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria are met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay

the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b).

## DISCUSSION

In exercising our discretion on the issue of consolidation and reassignment, we look to the Local Rules for guidance. The criteria that courts consider for reassignment of a case are set out in L.R. 40.4(b). The first factor under the Local Rules standard is not in dispute. Both matters are pending in United States District Court for the Northern District of Illinois. However, the parties dispute the remaining three factors.

Under Local Rule 40.4, the burden is on the moving party to specifically identify why each of the factors has been met, and the motion should be denied if the moving party fails to satisfy each of the requirements. *Williams v. Walsh Construction*, 2007 WL 178309, at *2 (N.D. Ill. 2007). The Goldhamer Plaintiffs argue that "there are different facts and legal claims that will require different discovery, legal findings, defenses and summary judgment motions." (Gold. P Resp. 5-10). They argue that, based on the factual and legal differences in the two cases, the Goldhamer Defendants have not shown that consolidation would likely result in

the substantial saving of judicial time and effort and that the cases are not susceptible to disposition in a single proceeding. We agree.

I. Alleged Factual and Legal Distinctions Between the Two Actions

Based on the factual allegations that exist in the pleadings filed thus far in the Woo Action and the Goldhamer Action, it is clear that there are numerous alleged factual distinctions between the two actions. The Goldhamer Plaintiffs have alleged that they were not members of the same group as the Woo Plaintiffs and that they were not participating in a group protest with the Woo Plaintiffs. (Gold. Compl. Par. 8). The Goldhamer Plaintiffs specifically point out that they have alleged that Goldhamer alone was not handing out leaflets, and thus did not disobey the order to disperse. (Gold. P Resp. 2). The Goldhamer Plaintiffs further allege that the Woo Plaintiffs were each arrested by officers who were not involved in the arrest of the Goldhamer Plaintiffs and who are not named in the Goldhamer Action. (Gold. Compl. Par. 20). The Goldhamer Plaintiffs also point out that it is alleged that one of the Woo Plaintiffs was arrested prior to the order to disperse that was issued by Nagode. (Gold. Compl. Par. 14).

It is also clear from the pleadings that the Goldhamer Action and the Woo Action involve different legal claims as well. Specifically, there are additional

5

claims in the Goldhamer Action which make that case significantly different. In addition to the Section 1983 claims and pendant state law claims for malicious prosecution that are duplicated in the Woo Action, the Goldhamer Plaintiffs have also brought other claims under Section 1983, a *Monell* claim against the City of Chicago, and other constitutional claims including a facial challenge to the constitutionality of the City's disorderly conduct ordinance. (Gold. Compl. 25-31, 50-52). These additional legal claims that exist in the Goldhamer Action will require different discovery and motions, and will generally raise different legal issues that are presented to this court in the Woo Action.

II. Factors for Consolidation

Based on the factual and legal differences between the two Actions, the Goldhamer Defendants have not met the second, third and fourth prong of the local rules standard. The handling of both cases by one judge will not likely result in the substantial saving of judicial time and effort since different individual police officers, other than Nagode, are involved in the two actions. The only fact cited by the Goldhamer Defendants in support of their argument that consolidation of the Woo Action and the Goldhamer Action would save substantial time is that there may be overlapping third-party witnesses in the two cases. (Gold. D Reply 6-7). The

Goldhamer Defendants have the burden of satisfying "stringent criteria" to qualify for case reassignment. *Williams*, 2007 WL 178309 at \*2. Here, the mere fact that third-party witnesses may overlap in both cases is not enough to satisfy these stringent requirements.

It is also clear that the Woo Action has proceeded to a point where consolidation will substantially delay that proceeding. The Woo Defendants have answered the amended complaint in the Woo Action and this court has already set discovery dates. Consolidation will delay that action.

Finally, it is clear from the factual and legal distinctions between the two actions that both would not be susceptible to disposition in a single proceeding, and may require separate trials. As stated above, the adjudication of Goldhamer's claims, in particular, are likely to involve different legal issues since Goldhamer is alleging that he did not disobey the order and both Goldhamer Plaintiffs are challenging the constitutionality of the ordinance. Based on the information presented to this court, the Goldhamer Defendants have not established that this matter is appropriate for consolidation under the local rules. Therefore, we exercise our discretion and deny the Goldhamer Defendants' motion to reassign.

## CONCLUSION

Based on the foregoing analysis, we deny the Goldhamer Defendants' motion to reassign.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   December 20, 2007