07-5286.092-JCD											November 2, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DON GOLDHAMER and ROBIN SCHIRMER, )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )     No.  07 C 5286
                                  )
LT. NAGODE, CMDR. KEATING,        )
OFFICER POHL, UNKNOWN POLICE      )
OFFICERS and EMPLOYEES of the     )
CITY OF CHICAGO, individually     )
and in their official capacities, )
and the CITY OF CHICAGO,          )
                                  )
          Defendants.             )

**MEMORANDUM OPINION**

Before the court is plaintiffs' motion for entry of a protective order.  Plaintiffs and defendant City of Chicago agree that a protective order should be entered in this case that addresses the production of documents that constitute protected health information pursuant to the Health Insurance Portability and Accountability Act (HIPAA) as well as the production of certain documents containing "confidential matter."  The City agrees in large part with the language of plaintiffs' proposed order, but it objects to plaintiffs' definition of "Confidential Matter," and it has submitted its own proposed order that defines the phrase differently.

Plaintiffs' proposed definition of "Confidential Matter" is as follows:

> "Confidential Matter" shall mean information pertaining to private financial data, personal addresses, personal telephone numbers, social security numbers, driver's license numbers, employment, medical, and personnel files or other information of a sensitive or non-public nature regarding Plaintiff, Defendants, non-party civilian witnesses and non-party employees of the City of Chicago, as well as any personal information that would identify persons who have made complaints of misconduct to the Chicago Police Department, the Office of Professional Standards, the Independent Police Review Authority, or the Internal Affairs Department, and any medical records contained in files generated by the investigation of those complaints (generally referred to as "Complaint Register" files) that may be subject to discovery in this action. "Confidential Matter" shall also include personal and family information of police officers, including residential information and personal telephone numbers. The designation of material by the parties as "Confidential Matter" does not create any presumption for or against that treatment.

(Pls.' Mot. for Entry of a Protective Order, Ex. A, at 2.)

Defendants' proposed definition of "Confidential Matter" is as follows:

> "Confidential Matter" shall mean employment, disciplinary, financial, medical, law enforcement, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential Matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), documents relating to Police Department investigations or resource deployment, related information that are [sic] protected by the *Illinois Personnel Record[] Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers including residential information.

(City's Mem. in Opp'n to Pls.' Mot., Ex. A, at 2.)

The City complains about plaintiffs' "apparent desire to disseminate confidential documents produced in discovery [and] shar[e] them with whomever they please, whether it is the media or other non-parties." (City's Mem. at 2.) This argument is somewhat of a red herring because the plaintiffs' proposed order provides that the parties will not use confidential matter released in this proceeding for any other purpose or in any other proceeding and that counsel shall inform any persons involved in the litigation that confidential matter is to be used solely for the purpose of this litigation. (Pls.' Mot., Ex. A, at 3-4.)

The real issue here is whether any document that appears in a CR file is presumptively confidential. We believe that the City's proposed order is far too broad in treating as confidential the entirety of these files, as well as the other general categories of information mentioned in the City's order, such as "personnel files," "disciplinary actions," and documents "relating to" investigations. In Gekas v. Williamson, 912 N.E.2d 347 (Ill. App. Ct. 2009), the Illinois Appellate Court recently ruled that documents regarding complaints about a police officer's performance and internal investigations of those complaints were not exempt from public disclosure under the Illinois Personnel Record Review Act or the Illinois Freedom of Information Act. The court explained:

> Unlike a performance evaluation, the [internal affairs branch of the sheriff's office]'s records are not generated for [the police officer's] personal use, and they do not concern his personal affairs. What he does in his capacity as a deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave. Not every scrap of paper that enters a personnel file necessarily is personal information.

912 N.E.2d at 356; see also Padilla v. City of Chicago, No. 06 C 5462, 2009 WL 2501393 (N.D. Ill. Aug. 14, 2009) (ruling that the CRs produced in the case may be released publicly and relying on Gekas).

Plaintiffs' proposed order treats as confidential the items in CR files and personnel files that are truly confidential-- addresses, telephone numbers, social security numbers, and the like, and personal financial, health, and employment information. In contrast to the City's proposed order, plaintiffs' proposed order is properly tailored. Accordingly, plaintiffs' motion for a protective order [91] is granted.

DATE:     November 2, 2009

ENTER:    _____
          John F. Grady, United States District Judge